EX PARTE: KNIGHTS OF PYTHIAS OF NORTH AMERICA, SOUTH AMERICA, EUROPE, ASIA, AFRICA, and AUSTRALIA, JURISDICTION OF FLORIDA, a corporation.

174 So. 464.
Division B.
Opinion Filed May 21, 1937.

316

*S. D. McGill,* for Petitioner;
*Montague Rosenberg,* contra.

DAVIS, J.—Certiorari has been applied for in this case to quash a judgment of the Circuit Court of Duval County affirming a judgment for $500.00 rendered by the Civil Court of Record of the same County, upon a fraternal life insurance policy. Petitioner's contention is that the Circuit Court departed from the essential requirements of law in deciding that plaintiff in the Civil Court of Record had shown herself entitled to recover under the pleadings and evidence, and that therefore the judgment of the Circuit Court affirming the judgment of the Civil Court of Record should be quashed.

While a subordinate lodge of a fraternal benefit society existing under the laws of Florida with a representative form of government and ritualistic organization wherein its members are grouped together in subordinate lodges operating under a supreme authority having jurisdiction over such subordinate lodges may not, through its officers, waive requirements of the association's by-laws by making, con-

trary to the restrictions of such by-laws on the authority of local officers, a promise that it will pay endowment dues necessary to keep a policy of life insurance held by one of the lodge members alive, despite the insured's default, yet there is nothing in this rule which precludes a plea of ratification by the supreme body, either express or implied, of an understanding by which earned credits due the insured for sick benefit accruals under the terms of the policy and not paid to him, will be applied through local officers to the payment of the premiums necessary to keep the policy from default, and thereby continue it in force.

In this case the plaintiff below, Irena Sharperson, sued the society for its refusal to pay her five hundred dollars, death benefits alleged to be due on a policy of insurance issued to plaintiff's husband, J. E. Sharperson, deceased. Plaintiff testified that her husband was in good standing at the time of his death; that in April, 1930, her husband became sick and left Ocala, Florida, for Chattahoochee, Florida, for treatment, but during this time the plaintiff continued to pay the insured's premiums; that on or about June, 1930, plaintiff was told by G. Crompton, Chancellor of Brick City Lodge No. 88, Ocala, Florida, that the Lodge owed the deceased member sick benefits and that the said Lodge would pay premiums due on policy out of sick benefits. The plaintiff also stated that the insured was a member of said lodge a number of years prior to his death and that she notified the Lodge of his death.

In opposition to the foregoing defendant filed pleas and put in testimony tending to show as a defense that said insured, J. E. Sharperson, was not a member in good standing at the time of his death, January 19, 1931, but that the insured was suspended from Brick City Lodge No. 88, Ocala, Florida, in September, 1930, for his failure to pay dues for the months of June, July, August, and Sep-

tember, 1930, at the rate of $1.43 per month; that the defendant's by-laws specifically provides that when a brother knight is in arrears in the sum of $3.00 for fines, dues and other assessments to his lodge, he shall stand suspended without notice from his lodge. The defendant gave testimony to the effect that the policy of insurance sued upon was issued July 20, 1928, and that this was the date of the beginning of the membership of the insured; also, that the insured was not entitled to the full amount of death benefits inasmuch as he had not been a member in good standing long enough to entitle him to full benefits.

The plaintiff went to trial on a replication alleging that the insured had been a member in good standing for a period of fifteen years and on July 20, 1928, after the insured married the plaintiff he sought to change the beneficiary in his policy and this policy is the new one issued.

Thus it is plain that a proper issue was made and tried in the Civil Court of Record. The resultant verdict and judgment against the defendant fraternal benefit society based upon a fair trial of the issue so made by the pleadings and submitted to the trial jury under appropriate instructions, is simply the permissible result of a judicial determination of disputed issue of fact as to which the verdict of a trial jury approved by two judges must be allowed to prevail.

Certiorari denied.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.